**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID WABAKKEN,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; J. W. MORGAN; GEORGE DIMAGGIO; GARY GROVER; KEITH MAYFIELD; FRANK CHAVEZ; FRANK MARTINEZ,<br>*Defendants-Appellees*. | No. 13-56075<br><br>D.C. No.<br>2:12-cv-01503-<br>GW-DTB<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted
May 8, 2015—Pasadena, California

Filed September 14, 2015

Before: Harry Pregerson, Richard C. Tallman,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Pregerson

## SUMMARY[*]

### Collateral Estoppel

The panel reversed the district court's summary judgment in favor of prison officials in an action brought by a former employee of the California Department of Corrections and Rehabilitation, alleging violations of 42 U.S.C § 1983 and California's Whistleblower Protection Act, and intentional infliction of emotional distress.

The district court found that the plaintiff was collaterally estopped from relitigating the whistleblower retaliation issue because it had been litigated during State Personnel Board proceedings.

The panel held that, pursuant to *State Board of Chiropractic Examiners v. Superior Court*, 45 Cal. 4th 963, 976 (2009), the State Personnel Board's decision did not have preclusive effect under theories of res judicata and collateral estoppel and thus did not prevent the plaintiff from litigating his whistleblower retaliation damages claim in the district court.

### COUNSEL

Derek T. Anderson (argued), Attorney at Law, San Diego, California, for Plaintiff-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Mark Schreiber (argued), Deputy Attorney General; Kamala D. Harris, Attorney General; Alicia M. B. Fowler, Senior Assistant Attorney General; Jerald L. Mosley, Supervising Deputy Attorney General; and Patricia Nevonen, Deputy Attorney General; California Department of Justice, Los Angeles, California, for Defendants-Appellees.

## OPINION

PREGERSON, Circuit Judge:

Appellant David Wabakken was a Lieutenant with the California Department of Corrections and Rehabilitation ("Corrections Department"). Between August 2010 and April 2011, the Corrections Department sent Wabakken three notices of adverse action, each of which contained multiple charges of misconduct. The third notice of adverse action resulted in Wabakken's dismissal from employment with the Corrections Department. Wabakken appealed the three adverse actions to the California State Personnel Board.

The Administrative Law Judge ("ALJ") determined that the Corrections Department failed to establish by a preponderance of the evidence the charges against Wabakken in the first and second notices of adverse action. The ALJ also determined that the Corrections Department had proved by a preponderance of the evidence some of the less serious charges of misconduct alleged in the third notice of adverse action, but that dismissal from employment was too harsh a penalty. The State Personnel Board adopted the ALJ's decision.

Wabakken filed suit in the United States District Court against the Corrections Department, J.W. Morgan, George DiMaggio, Gary Grover, Keith Mayfield, Frank Chavez, Frank Martinez, and Does 1–10 ("Defendants") alleging violations of both 42 U.S.C. § 1983 and California Government Code § 8547 (known as the California Whistleblower Protection Act) and intentional infliction of emotional distress. Defendants moved for summary judgment, arguing that the State Personnel Board's decision precluded further litigation of these issues under collateral estoppel.

The district court granted the Defendants' motion for summary judgment finding Wabakken was collaterally estopped from relitigating the whistleblower retaliation issue because it had been litigated during the State Personnel Board proceedings. We reverse because, pursuant to *State Board of Chiropractic Examiners v. Superior Court*, 45 Cal. 4th 963, 976 (2009), the State Personnel Board's decision does not have preclusive effect under theories of res judicata and collateral estoppel and thus does not prevent Wabakken from litigating his whistleblower retaliation damages claim in the district court.

## BACKGROUND

Appellant David Wabakken started working for the Corrections Department around September 1995. Wabakken was promoted to Correctional Sergeant in 2000 and Correctional Lieutenant in 2004. In June 2007, Wabakken was transferred to Pilot Rock Conservation Camp. Pilot Rock is a Corrections Department camp where the inmates "have less direct supervision and more freedom than inmates housed at institutions."

Between June 18, 2007, and May 6, 2011, Wabakken disclosed alleged improper governmental activities to his superiors including the following: negligent supervision of inmates resulting in the temporary escape of one inmate; exhibiting a movie to inmates that violated the Corrections Department policy; attempts to collect overtime for work not done; and allowing contraband into the camp. During the period that Wabakken made these disclosures, he received three notices of adverse action.

On August 5, 2010, Wabakken received his first notice of adverse action. This notice alleged that Wabakken had discussed the contents of an interview regarding another Correctional Officer's misconduct with the officer under investigation, in violation of the interviewer's instructions. Wabakken received a 5% reduction in salary for 36 months and was transferred to another Corrections Department facility.

On April 6, 2011, Wabakken received his second notice of adverse action. The second notice alleged that he "repeatedly made racially derogatory comments about staff, inmates, and others[;] . . . repeatedly made derogatory comments about an employee's age;" and dishonestly denied these allegations. As a result, Wabakken was demoted from Correctional Lieutenant to Correctional Officer.

On April 22, 2011, Wabakken received his third and final notice of adverse action. The third notice accused Wabakken of the following: transporting inmates to family residences to retrieve items; using an unauthorized carpet cleaner at Pilot Rock; encouraging an inmate to place his penis through a PVC pipe; falsifying an inmate violation report; exposing his buttocks to inmates; using Corrections Department equipment

for personal purposes; bringing an inappropriate DVD to Pilot Rock and showing it to inmates; falsifying a report about a Correctional Officer's conduct; making inappropriate racial and sexual comments to inmates and staff; and dishonestly denying this conduct. The third notice of adverse action resulted in his dismissal from service with the Corrections Department on May 6, 2011.

The California State Personnel Board reviews disciplinary actions taken against state employees. *State Pers. Bd. v. Dep't of Pers. Admin.*, 37 Cal. 4th 512, 521 (2005). Wabakken appealed the three adverse actions to the State Personnel Board and the Board consolidated the three matters for hearing. Wabakken raised multiple affirmative defenses to the charges that formed the basis for his discipline. The affirmative defense relevant to this appeal is Wabakken's defense that the adverse actions taken against him by the Corrections Department constituted "retaliation for testifying against [the Corrections Department's] witnesses." California Government Code § 8547.8(e) provides that an employee can use whistleblower retaliation as "a complete affirmative defense."

Section 8547.8(a) allows employees to use whistleblower retaliation as a legal sword to file complaints against employers. In September 2011, Wabakken filed a whistleblower retaliation complaint with the State Personnel Board alleging that the Defendants retaliated against him after he made protected disclosures of their improper government activities. Wabakken sought damages and requested the State Personnel Board to take disciplinary action against the Defendants. On October 20, 2011, the State Personnel Board dismissed Wabakken's whistleblower retaliation complaint after determining that he had failed to

demonstrate that the adverse actions taken against him by the Corrections Department were in retaliation for his protected disclosures. *See Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) (a prima facie case of retaliation requires a showing that "a causal link exists between" the protected disclosures and the adverse employment action).

During the pre-hearing conference regarding Wabakken's appeal of the Corrections Department's disciplinary actions, the Corrections Department attempted to bar Wabakken from presenting whistleblower retaliation as an affirmative defense. The ALJ denied the Corrections Department's motion because even though Wabakken's attempt to use whistleblower retaliation as a sword had failed, that did not preclude Wabakken "from asserting retaliation as an affirmative defense to the charges at hearing."

The merits hearing before the ALJ[1] took place from June 4–8, and June 11–13, 2012. The ALJ issued a 49-page decision. The ALJ determined that the Corrections Department had failed to establish by a preponderance of the evidence the charges against Wabakken in the first and second notices of adverse action. However, the ALJ determined that the Corrections Department had proved by a preponderance of the evidence some of the less serious charges of misconduct alleged in the third notice of adverse

---

[1] Two different ALJs presided over Wabakken's case. ALJ Douglas A. Purdy presided over the hearing on the merits and rendered the decision, while ALJ Gregory W. Brown presided over the pre-hearing conference.

action, but that his dismissal was too harsh a penalty.[2] The ALJ found that a salary reduction for one year was the appropriate penalty.

The ALJ also explicitly addressed three of Wabakken's affirmative defenses, but did not address his whistleblower retaliation defense. The State Personnel Board adopted and accepted the ALJ's decision.

On September 7, 2012, in the United States District Court Wabakken filed a second amended complaint against the Corrections Department, the warden at Pilot Rock, and several other correctional officers. His second amended complaint alleged violation of the Whistleblower Protection Act (Cal. Gov't. Code § 8547), intentional infliction of emotional distress, and violation of 42 U.S.C. § 1983.[3] The Defendants moved for summary judgment arguing that the State Personnel Board decision precluded further litigation of these issues under res judicata (claim preclusion) and collateral estoppel (issue preclusion). The district court rejected Defendants' res judicata argument. The Defendants

---

[2] The ALJ found that the Corrections Department had proved by a preponderance of the evidence that Wabakken participated in the following misconduct, and thus that there was cause for at least some of his discipline: used a state vehicle and state camera for personal purposes while on duty; posed for an inappropriate photo while in an office at Pilot Rock; and brought a DVD to Pilot Rock for training purposes that had not been approved.

[3] Each of these claims was based on the Defendants' alleged retaliation against Wabakken for disclosing improper government activities. The court granted Defendants' motion to dismiss the fourth claim for relief during the pleading stage.

do not challenge the district court's decision on the res judicata issue.

The district court, however, applied collateral estoppel and concluded that whether adverse employment action was taken against Wabakken as a result of whistleblower retaliation had been litigated and decided against Wabakken during the State Personnel Board proceedings. The district court reasoned that the whistleblower retaliation issue before it was identical to the issue considered by the State Personnel Board. In addition, the district court determined that the issue was actually litigated because Wabakken raised whistleblower retaliation as an affirmative defense and submitted evidence to support this defense. Further, the district court found that the ALJ necessarily decided the whistleblower retaliation issue against Wabakken because the ALJ applied the preponderance of the evidence standard which is consistent with a rejection of the retaliation defense.

Under California Government Code § 8547.8(e), the initial burden of going forward with the evidence rests with the employee. The employee must produce evidence sufficient to support a finding based on the preponderance standard that whistleblower retaliation occurred. If the employee meets this initial burden, then the burden shifts to the employer to prove by clear and convincing evidence that retaliation was not the reason for the adverse employment action. Cal. Gov't Code § 8547.8(e). Because the ALJ employed the preponderance standard when considering whether the adverse employment actions were warranted, and not the clear and convincing standard, the district court determined that the ALJ had implicitly decided the whistleblower retaliation issue against Wabakken because he had failed to meet his initial burden of showing under the

preponderance standard evidence sufficient to support a finding that whistleblower retaliation occurred.

In short, the district court reasoned that because the ALJ failed to apply the clear and convincing standard, the ALJ implicitly "never found sufficient credence in [Wabakken's] retaliation-based affirmative defense." For these reasons, the district court granted the Defendants' motion for summary judgment. Wabakken timely appealed.

## STANDARD OF REVIEW

The Ninth Circuit reviews a district court's grant of summary judgment de novo. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1137 (9th Cir. 2009). Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (internal quotation mark omitted) (citing Fed. R. Civ. P. 56(c)). Wabakken conceded before the district court, and again before us in his reply brief, that he raised retaliation as an affirmative defense before the State Personnel Board, so there was no genuine dispute as to any material fact. Whether the Defendants were entitled to judgment as a matter of law is all that is in dispute.

Whether collateral estoppel bars a party's claims "is a mixed question of law and fact in which legal issues predominate." *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 697 (9th Cir. 1984). Thus, whether or not collateral estoppel applies is reviewed de novo. *Id.* "If collateral estoppel is available, this court reviews the district court's decision giving preclusive effect to the determination

of the municipal hearing officer for abuse of discretion." *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988).

## DISCUSSION

The doctrine of collateral estoppel, or issue preclusion, is "grounded on the premise that 'once an issue has been resolved in a prior proceeding, there is no further fact-finding function to be performed.'" *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 864 (2010) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 n.23 (1979)). Collateral estoppel both "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy, by preventing needless litigation." *Id.* (quoting *Parklane Hosiery Co.*, 439 U.S. at 326).

Collateral estoppel bars "relitigation of an issue decided at a previous proceeding if (1) the issue necessarily decided at the previous [proceeding] is identical to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior [proceeding]." *People v. Carter*, 36 Cal. 4th 1215, 1240 (2005) (alterations in original) (internal quotation marks omitted). "[O]nly issues actually litigated in the initial action may be precluded from the second proceeding under the collateral estoppel doctrine." *Id.* (citation omitted). "An issue is actually litigated [w]hen [it] is *properly raised*, by the pleadings or otherwise, and is submitted for determination, and is *determined*." *Id.* (quoting *People v. Sims*, 32 Cal.3d 468, 484 (1982)) (internal quotation marks omitted).

Significantly, under California Supreme Court precedent, "a court may not give preclusive effect to the decision in a prior proceeding if doing so is contrary to the intent of the legislative body that established the proceeding in which res judicata or collateral estoppel is urged." *State Bd. of Chiropractic Exam'rs v. Superior Court*, 45 Cal. 4th 963, 976 (2009) (citations omitted). We find that Wabakken should not have been collaterally estopped from pursuing his whistleblower retaliation claim in district court.

In *State Board of Chiropractic Examiners*, a case with a similar procedural history, the California Supreme Court held that "the Legislature did not intend the State Personnel Board's findings [in a whistleblower retaliation case] to have a preclusive effect against the complaining employee." *Id.* When the Legislature drafted the California Whistleblower Protection Act it "expressly authorized a damages action in superior court for whistleblower retaliation (§ 8547.8(c)), and in doing so it expressly acknowledged the existence of the parallel administrative remedy" with the State Personnel Board. *Id.* As a prerequisite to the damages action authorized in § 8547.8(c), the Whistleblower Protection Act requires the filing of a complaint with the State Personnel Board. *See* Cal. Gov't Code § 8547.8(c) ("[A]ny action for damages shall not be available to the injured party unless the injured party has first filed a complaint with the State Personnel Board pursuant to subdivision (a), and the board has issued, or failed to issue, findings pursuant to Section 19683.").

The employee in *State Board of Chiropractic Examiners* filed a complaint alleging whistleblower retaliation with the State Personnel Board. 45 Cal. 4th at 969. After conducting an investigation the State Personnel Board's executive officer issued a 16-page "Notice of Findings" recommending

dismissal of the complaint. *Id.* Then the employee brought suit in state court under the same whistleblower retaliation theory. *Id.* at 970. The California Supreme Court held she was not precluded from bringing this claim in court, even though the State Personnel Board decision was not in her favor. *Id.* at 978.

The California Supreme Court held that § 8547.8(c) "means what it says: An employee complaining of whistleblower retaliation may bring an action for damages in superior court, but only after the employee files a complaint with the State Personnel Board and the board 'has issued, or failed to issue, findings.'" *Id.* (quoting § 8547.8(c)) (emphasis omitted). Thus, once the State Personnel Board has issued findings, or failed to do so, "the employee may proceed with a damages action in superior court regardless of whether the [State Personnel Board's] findings are favorable or unfavorable to the employee." *Id.*

"When interpreting state law, federal courts are bound by decisions of the state's highest court." *In re Bartoni-Corsi Produce, Inc.*, 130 F.3d 857, 861 (9th Cir. 1997) (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)). Thus, the California Supreme Court's interpretation of § 8547.8 is binding.

Here, Wabakken filed a complaint with the State Personnel Board alleging whistleblower retaliation, and the complaint was dismissed by a State Personnel Board executive officer. Thus, after filing his complaint with the State Personnel Board and receiving an unfavorable dismissal, Wabakken was eligible to seek relief in court under § 8547.8(c).

Around the same time that Wabakken filed the whistleblower retaliation complaint with the State Personnel Board, he filed a claim challenging the disciplinary actions taken against him by the Corrections Department. The ALJ also held a merits hearing on whether the Corrections Department's discipline of Wabakken was warranted. Wabakken raised whistleblower retaliation as an affirmative defense to the disciplinary actions taken against him by the Corrections Department. The ALJ's decision upholding some of the discipline was adopted by the State Personnel Board. *State Board of Chiropractic Examiners* explains that § 8547.8(c) explicitly reserves a whistleblower retaliation cause of action in a court for employees. Thus, the decisions by the State Personnel Board in Wabakken's case similarly have no preclusive effect. Even if the State Personnel Board's merits decisions were unfavorable to Wabakken,[4] they do not prevent Wabakken from seeking relief on his retaliation claim in court. *See id*. at 977 ("[T]he . . . conclusion that the State Personnel Board's findings are binding in a court action for damages under Government Code section 8547.8(c) would unduly restrict that remedy.").

## CONCLUSION

California Government Code § 8547, California's Whistleblower Protection Act, as interpreted by the California Supreme Court, provides employees with the ability to file

---

[4] We do not reach the issue whether the State Personnel Board decision rejected Wabakken's whistleblower retaliation affirmative defense because even if it did, Wabakken still is not precluded from bringing a whistleblower claim in court. *See State Bd. of Chiropractic Examiners*, 45 Cal. 4th at 978 ("[T]he employee may proceed with a damages action in superior court regardless of whether the [State Personnel Board's] findings are favorable or unfavorable to the employee.").

whistleblower retaliation claims in court after filing a complaint with the State Personnel Board, regardless of the favorability of the State Personnel Board's decision to the employee. Thus, State Personnel Board decisions do not have preclusive effect and the district court erred in granting the Defendants' summary judgment motion.

**REVERSED AND REMANDED.**