UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



DAVID WABAKKEN,

Plaintiff-Appellant,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION; et al.,

Defendants-Appellees.

No.  16-56277

D.C. No.
2:12-cv-01503-GW-DTB
Central District of California,
Los Angeles

ORDER

Before:  REINHARDT,[*] W. FLETCHER, and OWENS, Circuit Judges.

The panel has voted to deny appellant's petition for panel rehearing.

The panel has voted to amend the memorandum disposition filed on

February 14, 2018.  The superseding amended memorandum disposition will be

filed concurrently with this order.

The petition for panel rehearing is DENIED.  No further petitions for

rehearing or petitions for rehearing en banc will be entertained.

---

[*]     Due to the death of Judge Reinhardt, the petition for panel rehearing
and amended memorandum disposition were voted upon only by Judges Fletcher
and Owens.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID WABAKKEN, | No. 16-56277 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01503-GW-DTB |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | AMENDED MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 9, 2018[**]
Pasadena, California

Before: REINHARDT,[***] W. FLETCHER, and OWENS, Circuit Judges.

Plaintiff David Wabakken ("Wabakken") appeals from a judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    Due to the death of Judge Reinhardt, the amended memorandum disposition was voted upon only by Judges Fletcher and Owens.

following a jury verdict finding that Defendants, the California Department of Corrections and Rehabilitation ("CDCR") and Correctional Officers Gary Grover, George DiMaggio, Keith Mayfield, and J.W. Morgan (collectively "Officer Defendants"), did not violate his rights under the California Whistleblower Protection Act ("CWPA"), nor did J.W. Morgan violate his First Amendment rights. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    Assuming that the district court erred in denying Wabakken's motion in limine to exclude certain evidence that the CDCR failed to prove in a hearing before the California State Personnel Board ("SPB"), Wabakken has forfeited his right to appeal the district court's ruling. Wabakken seeks to exclude evidence of his alleged misconduct that supports the CDCR's adverse action against him and thus its affirmative defense to his whistleblower claims under California Government Code § 8247.8(e). But because Wabakken's counsel elicited testimony of this misconduct on direct examination, he may not now challenge its introduction on cross examination. *See Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1340 (9th Cir. 1985) (holding that the party forfeited its right to appeal a motion in limine to exclude certain evidence after the party's counsel elicited such evidence on direct examination); *see also* Fed. R. Evid. 611(b).

2.    Any error by the district court in excluding the SPB findings was

2

harmless.  Wabakken argues that the district court erred in granting the CDCR and Officer Defendants' motion in limine to exclude the SPB findings, which found that the CDCR had failed to prove some of Wabakken's alleged misconduct.  The jury verdict makes clear, however, that the jury found that neither the CDCR nor the Officer Defendants had taken adverse action against Wabakken.  If no adverse action was taken, whether Wabakken engaged in the alleged misconduct that could otherwise support such action is irrelevant.  Any error in excluding the SPB findings was therefore harmless.  *Cf. Cunha v. Ward Foods, Inc.*, 804 F.2d 1418, 1434 (9th Cir. 1986) (finding harmless error where court refused to instruct jury on promissory estoppel claim because jury, in considering another claim, found no promise was given).

3.      The district court did not abuse its discretion in denying Wabakken's motion in limine to exclude evidence from a fourth misconduct investigation that did not result in a Notice of Adverse Action ("NOAA") against Wabakken.  Under Federal Rule of Evidence 403, the district court had discretion to weigh the probative value of this evidence against its danger for unfair prejudice.  To reverse the district court's Rule 403 determination, this court must find that the district court ruling more likely than not tainted the jury's verdict.  *See Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999).  Given the "substantial evidence" of inexcusable neglect of duty, insubordination, willful disobedience,

3

and misuse of state property alleged in connection with the first and third NOAAs against Wabakken, it is unlikely that evidence of the fourth investigation, the subject of which was also alleged violations of policies and procedures, tainted the jury's verdict. *Id.* at 1016.

Wabakken's argument that his procedural due process rights were violated by the introduction of such evidence also fails. He was afforded his constitutional rights in connection with the first three NOAAs, the only ones that resulted in adverse action against him. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).

4. The district court did not abuse its discretion in excluding deposition testimony of one of Wabakken's witnesses under Federal Rule of Civil Procedure 32(a)(4)(D). This Rule permits a party to use deposition testimony "if the court finds . . . that the party offering the deposition could not procure the witness's attendance by subpoena." Fed. R. Civ. P. 32(a)(4)(D). After Wabakken subpoenaed the witness, he made no effort to have him appear at trial based on his belief that the correctional authorities would refuse to bring the witness to court. The district court did not abuse its discretion in failing to find that perceived futility satisfies Rule 32(a)(4)(D).

5. Any error by the district court in instructing the jury that the CWPA provided the Officer Defendants an affirmative defense if they could prove that

4

they had legitimate, non-retaliatory reasons to take adverse action against Wabakken, *see* Cal. Gov't Cd. § 8547.8(c), was harmless. It is clear from the jury verdict that the jury did not find that any of the Officer Defendants had taken adverse action against Wabakken. The jury therefore neither needed to, nor did, decide whether the Officer Defendants had made out this affirmative defense. *Cf. Benigni v. City of Hemet*, 879 F.2d 473, 480 (9th Cir. 1988) (finding harmless error where court failed to instruct jury on reasonableness because jury's punitive damages award indicated it found officers' conduct to be more than unreasonable). Any error in the jury instruction as to this affirmative defense was therefore harmless.

6.      Wabakken is not entitled to a new trial based on judicial bias. Wabakken's primary contention is that the district court was biased against him because it was reversed in *Wabakken v. CDCR*, 801 F.3d 1143 (9th Cir. 2015). Wabakken does not point to a single instance in which the trial judge attempted to interfere with his case or assist the defense. *See United States v. Laurins*, 857 F.2d 529, 537 (9th Cir. 1988) (requiring actual bias or jury perception of advocacy or partiality). Wabakken therefore fails to demonstrate judicial bias.

**AFFIRMED.**

5