**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER EPSHA,<br><br>               Appellant,<br><br>  v.<br><br>PEOPLE OF THE STATE OF<br>CALIFORNIA, by and through the<br>Commissioner of Business Oversight,<br><br>               Appellee. | No.   18-56108<br><br>D.C. No.<br>2:17-cv-07438-R<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 9, 2019
Pasadena, California

Before: WARDLAW and LEE, Circuit Judges, and KENNELLY,[**] District Judge.

Christopher Epsha appeals from the district court's order affirming the

bankruptcy court's ruling that he cannot discharge his debt arising from his violation

of state securities laws. We have jurisdiction under 28 U.S.C. § 158(d)(1). We

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

review de novo the bankruptcy court's conclusions of law, *In re Ashley*, 903 F.2d 599, 602 (9th Cir. 1990), and the district court's decision on appeal from the bankruptcy court, *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001). We affirm.

Epsha was the founder and managing member of Investco Management & Development, LLC (IM&D), a real estate investment company. On February 18, 2009, the Commissioner of the California Department of Business Oversight issued a Desist and Refrain Order to Epsha, Steven Thompson (another managing member), and IM&D for violation of state securities law. After a three-day evidentiary hearing, an Administrative Law Judge upheld the Desist and Refrain Order, finding that IM&D, Epsha, and Thompson had sold unqualified, non-exempt securities and omitted material information from potential investors.

The State of California then sued Epsha, Thompson, and IM&D in state court for the securities violations. The parties settled that dispute, and Epsha agreed to provide restitution to the investors. Epsha, however, later filed for bankruptcy, seeking to discharge the debt that he had agreed to pay under the settlement agreement. The bankruptcy court held that Epsha's debt resulted from a securities law violation and was nondischargeable under 11 U.S.C. § 523(a)(19). The district court affirmed and Epsha now appeals.

Although the Settlement Agreement contains a non-liability provision, courts may "look behind" the settlement agreement to find that the settlement debt arose

from fraud and is thus nondischargeable.  *See Archer v. Warner*, 538 U.S. 314, 320–22 (2003).  Here, the Administrative Decision upholding the D&R Order satisfies the § 523(a)(19) provision that a debt for securities law violation cannot be discharged.  The ALJ found that Epsha had personally convinced an investor to move forward with his investment after he expressed "buyer's remorse."  In addition, the ALJ upheld the D&R Order against "Christopher P. Epsha, Steven G. Thompson, and Investco Management & Development LLC."

Epsha next argues that the bankruptcy court and the district court erred in applying issue preclusion against him because the administrative proceeding purportedly did not involve him personally and involved different issues.  We review the availability of issue preclusion *de novo*, and the decision to apply issue preclusion for abuse of discretion.  *See Wabakken v. Cal Dep't of Corr. & Rehab*, 801 F.3d 1143, 1148 (9th Cir. 2015).

Contrary to Epsha's assertions, the administrative proceeding (1) involved the same factual allegations, (2) the parties actually litigated Epsha's violations, (3) the ALJ necessarily decided the issue, (4) the administrative decision was final and on the merits, and (5) Epsha was a party to the administrative action.  Accordingly, the district and bankruptcy courts properly applied issue preclusion to the ALJ's finding that Epsha violated securities law.  *See Lucido v. Superior Court*, 795 P.2d 1223,

3

1225 (Cal. 1990); *see also Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991).

**AFFIRMED**.