**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADAM FODREY, | No.    20-55474 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-02434-SJO-SP |
| v. | |
| CITY OF RIALTO; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DOES, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted May 4, 2021
Pasadena, California

Before:  WARDLAW, GOULD, Circuit Judges, and DONATO,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

After discovering that a party was going to happen at Adam Fodrey's home in Rialto, California, in November 2016, the Rialto Police Department observed and then intervened to stop the party. Fodrey's house has an attached garage which serves as a "man cave," with couches, chairs, and televisions. The police entered the garage and searched it.

In January 2017, Fodrey was charged with misdemeanor violations arising from the party. In October 2017, Fodrey filed a motion to suppress evidence, arguing that the warrantless search of his yard and garage violated the Fourth Amendment. Following hearings, the state superior court denied Fodrey's motion to suppress, holding that the facts of the case did not require the officers to obtain a warrant to enter the curtilage of the property or the garage.

Fodrey filed the lawsuit underlying this appeal in November 2018, and later filed his Second Amended Complaint ("SAC") in October 2019. In his SAC, Fodrey alleged a violation of the Fourth Amendment's prohibition against unreasonable searches under 42 U.S.C. § 1983. In February 2020, Appellees filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) as to this claim, asserting that the Appellee's claim was barred by collateral estoppel.

In March 2020, the district court granted Appellee's motion. The district court found that all requirements for applying the doctrine of collateral estoppel were satisfied because Fodrey had been charged with two misdemeanor violations arising

from the same or similar set of facts pled in his SAC, and in the criminal case he had moved unsuccessfully to suppress evidence under Cal. Pen. Code § 1538.5, arguing that the officers lacked any exception to the warrant requirement that would permit them to enter Fodrey's garage or backyard without a warrant. The superior court rejected that motion to suppress and its underlying contention that a warrant was needed for the entry. The district court concluded that there was a full and fair hearing on the merits on Fodrey's suppression motion, that the veracity of the officers' testimony was tested, and that the search of the garage was considered at the suppression hearing. The superior court had denied the suppression motion, finding that the facts of the case did not require the Appellee officers to get a warrant—the same question at issue in the § 1983 case.

In April 2020, the district court entered judgment for Appellees. The present appeal followed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

For collateral estoppel to apply and bar a legal issue from being re-litigated:

> (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior trial.

*Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990) (citation omitted).

We conclude that the district court properly applied collateral estoppel. First, the record demonstrates that the district court properly concluded Fodrey was

3

motivated to fully litigate the motion to suppress, and that there was a full and fair hearing on the merits. Second, Fodrey is incorrect that the suppression motion did not include entry into the garage. The record shows Fodrey on several occasions made the officers' entry into the garage a part of the motion and hearing. Supporting this conclusion are, among other things, that (1) Fodrey stated he sought to suppress "evidence that was obtained once they entered the garage and entered the backyard"; (2) there was testimony regarding entry into the garage; and (3) the superior court expressly addressed the garage in its ruling on the record.

Third, the district court correctly concluded that the ruling by the superior court was final. Fodrey generally contends that the superior court "stated" it was not ruling on Appellees' entry into the garage, which was "akin to it declaring that it had no jurisdiction over the matter." But Fodrey's argument is misplaced, because the superior court did consider and rule on Appellees' entry into the garage. Further, under California law misdemeanor defendants are not given the chance to revisit already litigated issues prior to trial, and the order is immediately appealable. *Schmidlin v. City of Palo Alto*, 157 Cal. App. 4th 728, 773–74 (2008). Considering this, the district court correctly held that the superior court's suppression order ruling was final.

Fourth, Fodrey and the moving party in the motion to suppress are the same party. The district court properly ruled that Fodrey is the same party that brought

4

the suppression motion in the state criminal court and is the party in this case against whom collateral estoppel is being asserted. Further, despite his argument to the contrary, Peter Schlueter was Fodrey's attorney for both the criminal and civil matters.

The district court did not abuse its discretion by giving preclusive effect to the superior court decision. "If collateral estoppel is available, this court reviews the district court's decision giving preclusive effect to the determination of the municipal hearing officer for abuse of discretion." *Wabakken v. Cal. Dep't of Corr. & Rehab.*, 801 F.3d 1143, 1148 (9th Cir. 2015) (quoting *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir.1988)). In his reply brief, Fodrey asserts that the district court abused its discretion by both finding that the state criminal court "ruled as to Appellee's entry into Fodrey's garage" and by relying on the state criminal court's ruling "that was disputed by relevant testimony."

The district court thoroughly reviewed the transcripts of the suppression hearings in reaching its conclusion. The record demonstrates that the state criminal court addressed entry into the garage. The district court did not abuse its discretion in giving preclusive effect to the decision because the state criminal court record reflected that Fodrey made arguments regarding both entry into the backyard and the entry into the garage in his suppression motion. The record demonstrates that

because the officers observed intoxicated minors and minors in possession of alcohol enter both the backyard and the garage, the suppression motion was properly denied.

**AFFIRMED.**