NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIHSHYR YIH,

Plaintiff - Appellant,

v.

TAIWAN SEMICONDUCTOR
MANUFACTURING COMPANY,
LTD.; TAIWAN SEMICONDUCTOR
MANUFACTURING COMPANY,
NORTH AMERICA; TSMC
TECHNOLOGY, INC.,

Defendants - Appellees.

No. 23-2625

D.C. No. 4:23-cv-02033-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted April 22, 2025[**]

Before: GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

JihShyr Yih appeals pro se from the district court's judgment dismissing his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action alleging hiring discrimination under federal and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the availability of issue preclusion and for an abuse of discretion the decision to apply issue preclusion. *Wabakken v. Cal. Dep't of Corr. & Rehab.*, 801 F.3d 1143, 1148 (9th Cir. 2015). We affirm.

The district court properly dismissed Yih's action as barred by issue preclusion because the issue of personal jurisdiction was actually litigated and decided in Yih's prior action in the Northern District of California and there was a final judgment on the merits. *See Howard v. City of Coos Bay*, 871 F.3d 1032, 1040-41 (9th Cir. 2017) (setting forth requirements for issue preclusion under federal law); *Kamilche Co. v. United States*, 53 F.3d 1059, 1063 (9th Cir. 1995) ("[O]nce an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case." (citation omitted)); *see also Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 539 (9th Cir. 1983) (affirming dismissal because of issue preclusion where plaintiff had not pleaded new facts "that would support a different result on the issue of jurisdiction").

The district court did not abuse its discretion in declaring Yih a vexatious litigant and imposing a pre-filing review order against him because the district court provided Yih notice and a chance to be heard, compiled an adequate record

for appellate review, made substantive findings of frivolousness and harassment, and tailored the resulting order narrowly. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (setting forth standard of review and requirements for pre-filing review orders).

We reject as unsupported by the record Yih's contention that defendants defaulted. *See* Fed. R. Civ. P. 55(a) (providing that a default can be entered against a party only if that party "has failed to plead or otherwise defend").

Defendants' request for judicial notice, set forth in the answering brief, is granted.

**AFFIRMED.**