NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A. B.; et al., | No. 20-35885 |
| Plaintiffs-Appellees, | D.C. No. 3:19-cv-01521-MO |
| v. | |
| ANDREW FRANKLIN KOWALCZYK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 20, 2025[**]
Portland, Oregon

Before: CALLAHAN, CHRISTEN, and HURWITZ, Circuit Judges.

Andrew Franklin Kowalczyk was convicted of nine counts of sexual

exploitation of children in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2253.

Three victims of those crimes, A.B., S.B., and D.L. ("Plaintiffs"), sued Kowalczyk

under 18 U.S.C. § 2255(a), seeking statutory damages of $150,000 each, attorney's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

fees, and costs. The district court granted summary judgment for Plaintiffs, and Kowalczyk appeals. We affirm.

1. We first consider whether Kowalczyk's appeal is timely. A notice of appeal must be filed within 30 days from the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). A notice filed by "an inmate confined in an institution" is timely if "deposited in the institution's internal mail system on or before the last day for filing" and accompanied by either "a declaration in compliance with 28 U.S.C. § 1746 . . . setting out the date of deposit and stating that first-class postage is being prepaid" or "evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid." Fed. R. App. P. 4(c)(1)(A). An inmate complies with 28 U.S.C. § 1746 by providing a signed statement, executed within the United States, that reads: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(2).

Kowalczyk provided a certificate of service with his notice of appeal which stated that he sent his notice of appeal "by U.S. certified mail and turned it in to be mail[ed] on 9/18/20 to be mail[ed] from Tucson USP, AZ." The statement complies with 28 U.S.C. § 1746. It does not, however, specifically state that first-class postage is being prepaid, as required by Rule 4(c)(1)(A)(i). Plaintiffs argue that this renders Kowalczyk's appeal untimely. We disagree. Kowalczyk's

certificate of service stated that he enclosed his notice of appeal in an envelope to be sent "by U.S. certified mail," and it could only be sent by certified mail if postage was prepaid. His certificate of service also stated that he "turned it in to be mail[ed] on 9/18/20 to be mail[ed] from Tucson USP, AZ," which indicates that he relied on "the institution to affix postage after [he had] deposited the document in the institution's mail system." Fed. R. App. P. 4 advisory committee note to 2016 amendment. This is sufficient to satisfy Rule 4(c)(1)(A).

2. On the merits, Kowalczyk argues that Plaintiffs' claims are barred by the statute of limitations. We review a district court's decision regarding the statute of limitations de novo. *See Gov't of Guam v. Guerrero*, 11 F.4th 1052, 1055 (9th Cir. 2021).

Kowalczyk did not raise a statute of limitations argument against A.B. and S.B. in the district court and only challenged the timeliness of D.L.'s suit. Generally, we will not consider arguments raised for the first time on appeal absent exceptional circumstances. *AlohaCare v. Haw., Dep't of Hum. Servs.*, 572 F.3d 740, 744–45 (9th Cir. 2009) (citing *El Paso City of Tex. v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000)). Finding none, we decline to address Kowalczyk's statute of limitation argument as to A.B. and S.B. and consider only his argument as to D.L. We conclude that D.L.'s suit is not barred by a statute of limitations.

3

Congress amended § 2255 in 2022 to eliminate the statute of limitations for § 2255 claims. *See* Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022, Pub. L. 117-176, § 2, 136 Stat. 2108 (2022). That amendment provided:

> This Act and the amendments made by this Act shall—
> (1) take effect on the date of enactment of this Act; and
> (2) apply to—
> (A) any claim or action that, as of the date described in paragraph (1), would not have been barred under section 2255(b) of title 18, United States Code, as it read on the day before the date of enactment of this Act; and
> (B) any claim or action arising after the date of enactment of this Act.

Therefore, the 2022 Amendment applies retroactively to any claim or action that, as of the enactment date of September 16, 2022, would not have been barred under the 2018 version of the statute. The 2018 version of the statute read:

> Any action commenced under this section shall be barred unless the complaint is filed—
> (1) not later than 10 years after the date on which the plaintiff reasonably discovers the later of—
> (A) the violation that forms the basis for the claim; or
> (B) the injury that forms the basis for the claim; or
> (2) not later than 10 years after the date on which the victim reaches 18 years of age.

18 U.S.C. § 2255 (2018). D.L.'s claim would be timely under this statute because it was filed within 10 years after she turned 18.

3. Kowalczyk next argues that Erin K. Olson was not an authorized or duly appointed conservator of A.B. and S.B. and therefore lacked standing to bring claims on their behalf. But Kowalczyk provides no supporting evidence for his

4

claims that Olson was not a duly appointed conservator when the suit was filed.

4. Kowalczyk also argues that he was not properly served with the summons and the complaint. We review an assessment of the adequacy of service for abuse of discretion. *Children's Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 767 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2846 (2025).

The district court record contained a signed return of service and a declaration from the serving officer attesting that the complaint and summons were hand delivered to Kowalczyk. "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (quotations omitted). Kowalczyk's unsupported statement that he was on suicide watch and could not receive documents does not overcome the serving officer's declaration.

5. Kowalczyk next argues that the district court erred in denying him requested continuances and stays, thereby depriving him of a sufficient opportunity to raise a defense and respond to the motion for summary judgment.

   a. We review the denial of a motion to continue for a "clear abuse" of discretion. *United States v. Kloehn*, 620 F.3d 1122, 1126–27 (9th Cir. 2010) (quoting *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985)). A showing of "prejudice resulting from the denial [] is required before error will be assigned."

5

*Bearchild v. Cobban*, 947 F.3d 1130, 1138 (9th Cir. 2020) "[T]he focus of [the] prejudice inquiry is the 'extent to which the aggrieved party's right to present his defense has been affected.'" *Id.* at 1139 (alteration in original) (quoting *United States v. Kloehn*, 620 F.3d 1122, 1128 (9th Cir. 2010)). Kowalczyk fails to establish prejudice because he presents no evidence or viable argument that an additional continuance would have affected his defense.

b. We review the denial of a motion to stay for abuse of discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Kowalczyk identifies no "erroneous view of the law" or "clearly erroneous assessment of the evidence" by the district court, as required to demonstrate an abuse of discretion. *Id.* (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). Therefore, we find no error.

6. Kowalczyk further argues that the district court improperly relied on his criminal conviction in granting the motion for summary judgment. This Court reviews de novo both a district court's grant of summary judgment, *Ambrosetti v. Or. Cath. Press*, 151 F.4th 1211, 1218 (9th Cir. 2025), and its determination whether collateral estoppel applies, *Wabakken v. Cal. Dep't of Corr. & Rehab.*, 801 F.3d 1143, 1148 (9th Cir. 2015). "If collateral estoppel is available, this court reviews the district court's decision giving preclusive effect to the determination . . . for abuse of discretion." *Id.* (quoting *Eilrich v. Remas,* 839 F.2d 630, 632 (9th

6

Cir. 1988)).

Collateral estoppel applies to a prior criminal conviction that meets four criteria:

> (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior trial.

*Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990). Considering these factors, the district court found that collateral estoppel applied to Kowalczyk's prior criminal conviction. We agree.

Kowalczyk's prior conviction was a serious offense for which he was motivated to, and indeed did, fully litigate the charges. Kowalczyk had a full and fair trial as affirmed by this Court. *See United States v. Kowalczyk*, No. 19-30216, 2025 WL 100112 (9th Cir. Jan. 15, 2025). The prior conviction was offered to prove that Kowalczyk committed the acts which caused the harm alleged by Plaintiffs—the 2005 sexual assaults—and finally, Kowalczyk was party to the prior trial as he was the defendant.

7. Finally, Kowalczyk argues that the district court judge should have recused himself. The denial of a recusal motion is reviewed for abuse of discretion. *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015). In his recusal

7

motion, Kowalczyk detailed a series of grievances against Judge Mosman relating to both his underlying criminal case and the instant civil case. None of these allegations are supported by the record or indicate that the district judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178–79 (9th Cir. 2005) (noting that prior adverse rulings are insufficient to require a § 455(a) recusal).

**AFFIRMED.**[1]

---

[1] Appellees' motions to supplement the record (Dkt Nos. 73, 74) and motion to take judicial notice (Dkt. No. 77), are DENIED as moot. Kowalczyk's motion/request for the court not to rule on Appellees' motion to supplement the record (Dkt No. 83) is DENIED as moot, and Kowalczyk's motion for an extension of time (Dkt No. 111) is DENIED.