**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ERIC BAHRA,<br>   *Plaintiff-Appellant*,<br><br>v.<br><br>COUNTY OF SAN<br>BERNARDINO; SAN<br>BERNARDINO COUNTY<br>DEPARTMENT OF CHILDREN<br>AND FAMILY SERVICES;<br>KRISTINE BURGAMY, In Her<br>Individual and Official<br>Capacity; NICKOLA<br>HACKETT, In Her Individual<br>and Official Capacity,<br>   *Defendants-Appellees.* | No. 18-55789<br><br>D.C. No.<br>5:16-cv-01756-JGB-SP<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted November 13, 2019
Pasadena, California

Filed December 30, 2019

Before:  Susan P. Graber, Marsha S. Berzon,
and Morgan Christen, Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### Civil Rights

The panel affirmed in part and reversed in part the district court's summary judgment in favor of San Bernardino County Department of Children and Family Services defendants in an action brought pursuant to 42 U.S.C. § 1983 and state law alleging that defendants fired plaintiff from his post as a social services practitioner in retaliation for his whistleblowing activities.

Plaintiff challenged his termination, unsuccessfully, through an appeal to the County's Civil Service Commission and subsequently filed the present action. The district court granted summary judgment for defendants, holding in part, that plaintiff's claims for retaliation under California Labor Code section 1102.5 and 42 U.S.C. § 1983 were barred by claim preclusion and issue preclusion.

The panel first held that the Commission's order sustaining plaintiff's dismissal did not preclude plaintiff's section 1102.5 claim for retaliation. The panel noted that although in California decisions by administrative agencies

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

typically have preclusive effect, the California Court of Appeal recently applied a legislative-intent exception and held that administrative findings by a state agency do not preclude claims for retaliation brought under section 1102.5. *See Taswell v. Regents of Univ. of Cal.*, 232 Cal. Rptr. 3d 628, 643 (Ct. App. 2018). The panel concluded that defendants had failed to persuade it that the *Taswell* court misapplied California law such that the California Supreme Court would disagree with *Taswell's* reasoning or conclusion.

The panel's conclusion regarding legislative intent did not extend to plaintiff's claim under § 1983. The panel noted that plaintiff did not argue that giving an administrative proceeding preclusive effect in a later § 1983 action was contrary to legislative intent, and the panel declined to conduct that analysis sua sponte. The panel held that plaintiff had a full opportunity to litigate the propriety of his termination before the administrative agency, as evidenced by the comprehensive evidentiary record and the availability of judicial review. The panel concluded that plaintiff's § 1983 claim was precluded by the Commission's order and affirmed the district court's ruling on this claim.

---

**COUNSEL**

Valerie Ross (argued), Law Offices of Valerie Ross, Victorville, California; A. Cabral Bonner (argued) and Charles A. Bonner, Law Offices of Bonner & Bonner, Sausalito, California; for Plaintiff-Appellant.

Susan E. Coleman (argued) and Kristina Doan Strottman, Burke Williams & Sorensen LLP, Los Angeles, California; for Defendants-Appellees.

**OPINION**

GRABER, Circuit Judge:

Plaintiff Eric Bahra was fired from his post as a social services practitioner in Defendant San Bernardino County's Department of Children and Family Services ("CFS"). Plaintiff challenged his termination, unsuccessfully, through an appeal to the Civil Service Commission of the County of San Bernadino ("Commission"). He then filed this action, in which he alleges that CFS and two of its employees fired him in retaliation for his whistleblowing activities, in violation of California Labor Code section 1102.5 and 42 U.S.C. § 1983. The district court dismissed the action on the ground, as relevant here, that the Commission's decision precluded Plaintiff's claims. We affirm in part, reverse in part, and remand.

BACKGROUND[1]

CFS investigates referrals regarding child abuse and provides services to children and families. In June 2013, Plaintiff was assigned as the lead investigator to look into allegations of abuse brought by a group of children against their former foster parent. As part of his investigation, Plaintiff used the CFS database, which generally keeps track

---

[1] Some of these facts are disputed, but those disputes are not material to this appeal.

of child abuse information.  Plaintiff alleges that he discovered that the foster home at issue had a prior history of child abuse and neglect but that the database did not correctly reveal that history because of typographical errors in past reports and database entries.

Plaintiff informed his manager, Defendant Kristine Burgamy, on the same day that he discovered the database errors.  The next day, Plaintiff found Burgamy and Defendant Nicola Hackett, Deputy Director of the Victorville CFS office, "rifling through" files on his desk.

In July 2013, the County conducted an "administrative interview" with Plaintiff to determine whether he had violated any policies, rules, or practices.  Plaintiff then left for a short vacation and, upon his return, the County placed him on desk duty.  Shortly thereafter, the County  placed him on administrative leave pending the outcome of the disciplinary process.  The County then conducted a second "administrative interview."  At that interview, Plaintiff was represented by counsel, and Burgamy and Hackett attended for the County.

In September 2013, Plaintiff was issued a Notice of Proposed Dismissal, which contained several grounds for termination.  The notice also explained that it was a "proposed action only" and that Plaintiff could respond to his appointing authority, which he did.

Thereafter, a hearing officer conducted an administrative hearing.  Plaintiff was represented by counsel at the hearing, and he submitted another written response to the notice. The hearing officer "gave more credence to the County's position" and issued Plaintiff an Order of Dismissal in

October 2013. The order contained twelve reasons for dismissal.

A few days later, Plaintiff appealed and requested an evidentiary hearing pursuant to San Bernardino Personnel Rule X, Section 9. That hearing took place over 14 days during 2014. In total, the hearing included 27 witnesses, 2,045 pages of testimony, 154 pages of post-hearing briefs, and 89 exhibits.

Throughout the hearing, Plaintiff alleged that his termination was retaliatory and that Defendants had engaged in a "witch hunt" against him. Plaintiff primarily argued at the hearing that he was terminated in retaliation for his union organizing activity. In October 2012, Bahra circulated a petition protesting his supervisors' management style and the "hostile working environment" in the Victorville CFS Office. At least nine CFS employees signed the petition, which was addressed to Human Resources. Several witnesses at the hearing, including Bahra, testified about this petition.

In July 2015, the hearing officer issued a decision. The hearing officer concluded that Plaintiff had not produced evidence of retaliation and that five allegations against Plaintiff were substantiated. Consequently, the hearing officer recommended that the Commission uphold Plaintiff's termination and deny his appeal.

The Commission adopted the hearing officer's report and sustained CFS's order of dismissal. The Commission also advised Plaintiff of his right to seek judicial review through a writ of mandamus under California Code of Civil Procedure section 1094.5.

Plaintiff did not seek a writ under section 1094.5. Instead, he filed this action, alleging several claims. The district court granted summary judgment for Defendants, holding in part that Plaintiff's claims under California Labor Code section 1102.5 and 42 U.S.C. § 1983 were barred by claim preclusion and issue preclusion. Plaintiff timely appeals.

## STANDARD OF REVIEW

We review de novo a district court's grant of summary judgment. *King v. County of Los Angeles*, 885 F.3d 548, 556 (9th Cir. 2018). Likewise, we review de novo whether preclusion applies. *See Media Rights Tech., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) (claim preclusion); *Wabakken v. Cal. Dep't of Corr. & Rehab.*, 801 F.3d 1143, 1148 (9th Cir. 2015) (issue preclusion).

## DISCUSSION

We grant the same preclusive effect to state court judgments as those judgments would receive in the state in which they were rendered. 28 U.S.C. § 1738. State administrative agency decisions, similarly, receive the same preclusive effect that they would receive in state court. *Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1100 (9th Cir. 2014) (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986)).

A. *Plaintiff's Claim Under California Labor Code Section 1102.5.*

In California, decisions by administrative agencies typically have preclusive effect, provided that they have a sufficiently "judicial character" and that the elements of

claim or issue preclusion are satisfied. *Murray v. Alaska Airlines*, 237 P.3d 565, 568–69 (Cal. 2010); *Runyon v. Bd. of Trs.*, 229 P.3d 985, 994 (Cal. 2010). But courts will not afford preclusive effect to an administrative decision if doing so would contravene the intent of the California legislature. *Fahlen v. Sutter Cent. Valley Hosps.*, 318 P.3d 833, 845–46 (Cal. 2014); *see also State Bd. of Chiropractic Exam'rs v. Superior Ct*, 201 P.3d 457, 464 (Cal. 2009) (California courts do not give preclusive effect to the results of agency proceedings "if doing so is contrary to the intent of the legislative body that established the proceeding in which [preclusion] is urged." (quoting *Pac. Lumber Co. v. State Water Res. Control Bd.*, 126 P.3d 1040, 1055 (Cal. 2006))).

The California Court of Appeal recently applied the legislative-intent exception and held that administrative findings by a state agency do not preclude claims for retaliation brought under section 1102.5. *Taswell v. Regents of Univ. of Cal.*, 232 Cal. Rptr. 3d 628, 643 (Ct. App. 2018). Accordingly, unless we are "convinced" that the California Supreme Court would disagree with *Taswell*, we are bound by its holding. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1266 (9th Cir. 2017) (quoting *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1036 n.5 (9th Cir. 1994)).

The California Supreme Court's decision in *Murray* does not convince us to deviate from *Taswell*. In *Murray*, the California Supreme Court considered the preclusive effect of a *federal* agency's investigative findings when the plaintiff had elected not to pursue a formal adjudicatory hearing or subsequent judicial review. 237 P.3d at 566. The court held that the plaintiff's retaliation claim was precluded. *Id.* at 568. But *Murray* does not require us to give preclusive effect here

to the Commission's order with respect to Plaintiff's section 1102.5 claim, for several reasons.

First, the California Supreme Court expressly limited the scope of its holding in *Murray*. The court held that preclusion applied there in light of "the particular factual and procedural circumstances of this case, and the particular provision of the . . . statutory scheme here at issue." *Id.* *Murray* does not stand for the proposition that *all* administrative agency findings preclude claimants from asserting section 1102.5 claims in civil actions. Additionally, *Murray* involved concerns for "comity and federalism," *id.* at 577, that are wholly inapposite to this case.

Most significantly, *Murray* applied a different test than the test applied in *Taswell*. *Murray* considered whether the federal administrative proceeding possessed a "sufficiently judicial character." *Id.* at 568. *Taswell* considered the legislative intent of section 1102.5. 232 Cal. Rptr. at 643. Both tests apply in analyzing whether preclusion applies. *Pac. Lumber*, 126 P.3d at 1055–56. In other words, *Taswell* and *Murray* assessed different legal questions. Thus, they are not inconsistent.

Moreover, Defendants have not persuaded us that the *Taswell* court misapplied California law such that the California Supreme Court would disagree with its reasoning or its conclusion. *Taswell* applied principles derived from California Supreme Court precedents to resolve the question whether preclusion applied to the plaintiff's section 1102.5 claims. Those precedents include *Fahlen*, which post-dates *Murray*. Significantly, *Fahlen* recognized the intent of the California legislature to create "distinct fora and procedures" for retaliation claims, separate and apart from administrative

procedures that address adverse employment actions. 318 P.3d at 846 & n.10. Because we conclude that the California Supreme Court likely would agree with *Taswell*, we hold that the Commission's order does not preclude Plaintiff's section 1102.5 claim. Accordingly, we reverse the district court's ruling to the contrary.

## B. *Plaintiff's Claim Under § 1983.*

Our conclusion regarding legislative intent does not, however, extend to Plaintiff's claim under § 1983. Plaintiff does not argue that giving an administrative proceeding preclusive effect in a later § 1983 action is contrary to legislative intent, and we decline to conduct that analysis sua sponte. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) (We do "not ordinarily consider matters 'that are not specifically and distinctly argued.'" (quoting *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003))). The remaining issue is, therefore, whether the administrative proceeding had the requisite "judicial character." *Murray*, 237 P.3d at 568–69; *Runyon*, 229 P.3d at 994.[2]

Plaintiff's amended complaint alleged § 1983 claims for First Amendment retaliation based on two separate acts: advocating repair of the flaws he discovered in the CFS computer system and advocating the elimination of a hostile work environment. The district court granted judgment on the pleadings as to the § 1983 free speech claim regarding the CFS computer system, concluding that Plaintiff "spoke as a public employee, rather than a private citizen." Plaintiff did not amend his complaint or appeal that ruling. Thus, the only

---

[2] Plaintiff does not challenge the district court's application of the elements of claim preclusion or issue preclusion under California law.

speech at issue in Plaintiff's § 1983 claim relates to his petition regarding the working environment.

To have a "sufficiently judicial character," a proceeding must, among other things, provide a claimant with an "adequate opportunity to litigate." *Murray*, 237 P.3d at 569–70 (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)). Plaintiff argues that he did not have an adequate opportunity to litigate because the County's asserted reasons for termination were pretextual. But Plaintiff misses the mark. Whether a litigant had a sufficient opportunity to litigate depends on whether "both parties had a full and fair opportunity to argue their version of the facts and an opportunity to seek court review of any adverse findings." *Utah Constr. & Mining Co.*, 384 U.S. at 422; *see also Samara v. Matar*, 419 P.3d 924, 930 (Cal. 2018) ("The 'chance' to litigate . . . is the opportunity to submit a dispute over legal rights to a tribunal legally empowered to decide it according to definite procedural rules." (quoting Restatement (Second) of Judgments, intro. pp. 6–7 (1982)). Plaintiff had a full opportunity to litigate the propriety of his termination before the administrative agency, as evidenced by the comprehensive evidentiary record and the availability of judicial review. *See Samara*, 419 P.3d at 930 (explaining that the "less robust the process involved in resolving litigation the first time, the stronger the argument for permitting litigation once more"). Several witnesses testified about Plaintiff's petition regarding a hostile work environment, and Plaintiff argued that he was targeted and fired in retaliation for that advocacy. The hearing officer considered and rejected his arguments. We therefore conclude that Plaintiff's § 1983 claim is precluded by the

Commission's order, and we affirm the district court's ruling on this claim.[3]

**AFFIRMED in part, REVERSED in part, and REMANDED.** The parties shall bear their own costs on appeal.

---

[3] We need not decide whether claim preclusion applies here, because issue preclusion clearly applies.