**NOT FOR PUBLICATION**

AUG 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

JUSTIN VINCENT,

       Plaintiff-Appellant,

v.

CITY OF CALIFORNIA CITY,

       Defendant-Appellee.

</td><td>

No. 19-16666

D.C. No. 1:18-cv-00549-JLT

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted August 10, 2020[**]
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Plaintiff Justin Vincent appeals from the summary judgment entered in favor

of Defendant City of California City on his claim for unlawful retaliation under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

California Labor Code § 1102.5. We have jurisdiction under 28 U.S.C § 1291 and, reviewing de novo, <u>Bahra v. Cty. of San Bernardino</u>, 945 F.3d 1231, 1234 (9th Cir. 2019), we affirm.

Plaintiff has not established that Defendant's reasons for terminating his employment were pretextual. Defendant provided evidence of "legitimate, nonretaliatory explanation[s]" for its action, <u>Hawkins v. City of Los Angeles</u>, 252 Cal. Rptr. 3d 849, 855 (Cal. App. 2019), including Plaintiff's "gossiping" with city employees about the mayor's alleged affair and Plaintiff's public confrontation with two city residents in city hall. Accordingly, Plaintiff bore the burden of demonstrating that Defendant's explanations were flawed by "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions . . . that a reasonable factfinder could rationally find [the explanations] unworthy of credence." <u>Id.</u> at 856–57.

Plaintiff asserts that Defendant's explanation based on "gossiping" is pretextual because the mayor's alleged affair was common knowledge. But, even if the affair was well-known, Plaintiff had been instructed by then-City Manager Tom Weil to "stop spreading the rumor." Plaintiff nevertheless discussed the rumor with his staff and others, and another employee reported that Plaintiff discussed the rumor loudly in city hall.

Plaintiff asserts that Defendant's next explanation, that Plaintiff was terminated because two city residents filed a complaint with the city manager after having a confrontation with Plaintiff in city hall, is pretextual because part of their complaint concerned Plaintiff's allegations that one of the residents had attempted to bribe Plaintiff. But the record establishes that the complaint set forth several allegations, including that Plaintiff had threatened to give false information to the residents' insurance company and that Plaintiff, in uniform and on duty, "went to a woman's home and publically [sic] demanded that she stop discussing Plaintiff's affairs."

Because no evidence suggests that Defendant's termination decision based on Plaintiff's "gossiping" and his confrontation with two residents was pretextual, Defendant is entitled to summary judgment. See Hardie v. NCAA, 876 F.3d 312, 318 (9th Cir. 2017) (stating that we may affirm a grant of summary judgment "on any basis supported by the record" (internal quotation marks omitted)).

**AFFIRMED.**