NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIMSTONE NATURAL RESOURCES CO., an Oregon Corporation; ROBERT STUMBO; JOHN WEST,

          Plaintiffs-Appellants,

  v.

DAVID HAIGHT, individually and in his official capacity,

          Defendant-Appellee,

STEPHEN WETMORE, individually and in his official capacity; DOUGLAS THACKERY, individually and in his official capacity; OREGON DEPARTMENT OF FORESTRY, a government agency; PETER DAUGHERTY, State Forester, Oregon Department of Forestry, in his official capacity; OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY; RICHARD WHITMAN, Director of the Oregon Department of Environmental Quality, in his official capacity; OREGON DEPARTMENT OF FISH AND WILDLIFE, a government agency; CURT MELCHER, Director of the Oregon Department of Fish and Wildlife, in his official capacity; OREGON DEPARTMENT

No.   22-35187

D.C. No. 1:18-cv-01740-CL

MEMORANDUM[*]

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

OF STATE LANDS; LAUREN BROWN;
VICKI WALKER,

        Defendants-Appellees,

 and

DOES, 1-10, individually and/or in their
official capacities,

        Defendant.

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Argued and Submitted February 8, 2023
Portland, Oregon

Before: MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

Plaintiff Brimstone Natural Resources, Co.[1] sued the Oregon Department of Forestry (ODF) and multiple state officials and employees (Defendants) under 42 U.S.C. § 1983 for constitutional violations related to the denial of Brimstone's application for a Plan for Alternate Practice (PFAP) permit that Brimstone needed to mine for gold on its property. After a series of dismissals and pleading amendments, the district court granted Defendants' motion for judgment on the pleadings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[1]Individual Plaintiffs John West and Robert Stumbo co-own Brimstone. We refer to Plaintiffs collectively as Brimstone.

**1.** *Claim Preclusion.* We review de novo whether claim or issue preclusion applies, see *Bahra v. County of San Bernadino*, 945 F.3d 1231, 1234 (9th Cir. 2019), but we review for abuse of discretion the district court's decision to apply preclusion, *see SEC v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018). We apply state preclusion rules. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012). Under Oregon law, claim preclusion applies to administrative proceedings, *Drews v. EBI Companies*, 310 Or. 134, 142 (1990), and prevents a party from pursuing further litigation on a claim "on any ground or theory of relief that the party *could have litigated in the first instance*," *Bloomfield v. Weakland*, 339 Or. 504, 511 (2005) (emphasis added).

The essence of Brimstone's procedural-due-process and equal-protection claims is that, despite promptly following ODF's directions as to what was needed for a PFAP application, which Brimstone submitted in November 2014, "the requirements were continually added to, changed, or the process was stuck in review." But as the district court explained, ODF denied Brimstone's PFAP application in March 2015. The Defendants' denial was reasoned and triggered Brimstone's right to appeal to an administrative law judge. *See* Or. Rev. Stat. (ORS) § 527.700(1); Or. Admin. Rules (OAR) 629-672-0200, 137-003-0675. Indeed, the denial notified Brimstone of its right to appeal. If Brimstone was still dissatisfied after an administrative hearing, it could have petitioned for judicial review in the

3

Oregon Court of Appeals. *See* ORS §§ 183.480, .482. Because Brimstone chose not to challenge the 2015 PFAP denial through state administrative or judicial review, the district court did not err in determining that Brimstone's procedural-due-process and equal-protection claims are precluded.[2] *See Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988) ("If an adequate opportunity for review is available, a losing party cannot obstruct the preclusive use of the state administrative decision simply by foregoing [the] right to appeal." (citation omitted)); *see also Holcombe v. Hosmer*, 477 F.3d 1094, 1098–1100 (9th Cir. 2007) (precluding the plaintiff from bringing § 1983 claim in federal court that could have been raised in a prior state administrative proceeding or on judicial review).

2. ***Procedural-Due-Process & Equal-Protection Claims.*** Even if these claims are not precluded, they fail on their merits. Brimstone cannot state a claim for procedural due process because it cannot show that it was deprived of a constitutionally protected property interest where ODF has discretion to grant PFAP change-of-use permits. *See* OAR 629-605-0100(2)(d) (providing that the State Forester "*may approve* a plan for an alternate practice" if he "determines that the

---

[2]Brimstone argues that these claims cannot be precluded by the 2015 PFAP denial because the conduct at issue occurred after the denial. We reject this argument because the record shows that the bulk of Brimstone's allegations relate to pre-denial conduct. Moreover, had Brimstone sought review of the 2015 PFAP denial and asserted its due-process and equal-protection claims at that time, it is likely that any later alleged misconduct would not have occurred.

alternate practice is necessary . . . to accomplish a land use change" (emphasis added)); *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1019–21 (9th Cir. 2011) ("[S]tate law creates a [protected property interest] when it imposes significant limitations on the discretion of the decision maker." (internal quotation marks and citation omitted)). And Brimstone's "class of one" equal-protection claim fails because Brimstone has not sufficiently alleged that it was "intentionally treated differently from others similarly situated" seeking a PFAP in order to mine. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). Brimstone alleged that other landowners were granted PFAPs without difficulty and that there are other mining operations nearby, but it failed to allege whether those PFAPs were for mining or whether the mining operations obtained PFAPs.

3.      ***Remaining Constitutional Claims.*** Finally, the district court did not err in dismissing Brimstone's remaining preemption, vagueness, and takings claims for failure to state a claim. Brimstone's claim that the Oregon Forestry Practice Act (OFPA) is preempted by federal mining law fails because the OFPA has a clear environmental purpose and does not regulate mining or directly prohibit Brimstone from mining on its property. *See* ORS § 527.630; *Cal. Coastal Comm'n v. Granite Rock Co.*, 480 U.S. 572, 588–89 (1987) (explaining that the Mining Act does not preempt reasonable state environmental regulations); *Bohmker v. Oregon*, 903 F.3d 1029, 1038–41, 1044 (9th Cir. 2018) (holding that Oregon's regulation that

5

prohibited a particular mining technique was a reasonable environmental regulation and not preempted). Moreover, where the OFPA clearly applies to Brimstone and its activities, Brimstone's vagueness challenge fails. *See Parker v. Levy*, 417 U.S. 733, 756 (1974); *Kashem v. Barr*, 941 F.3d 358, 377 (9th Cir. 2019).

Brimstone's Fifth Amendment takings claim also fails because Brimstone failed to sufficiently allege that Defendants directly appropriated Brimstone's property, as required to establish a physical taking, or deprived Brimstone of *all* economic use of its land, as required to establish a regulatory taking. *See Bridge Aina Leʻa, LLC v. Land Use Comm'n*, 950 F.3d 610, 625–26 (9th Cir. 2020); *see also Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 130 (1978) (holding that the denial of "the ability to exploit a property interest" believed to be available for development does not constitute a taking).[3]

**AFFIRMED.**

---

[3]Brimstone forfeited any argument that Defendants' PFAP denial was a regulatory taking under the *Penn Central* balancing test by not raising this issue on appeal. *See Bridge Aina Leʻa*, 950 F.3d at 626 (explaining that regulations that "place[] limitations on land that fall short of eliminating all economically beneficial use" are evaluated under the *Penn Central* framework (citation omitted)); *Cal. Pac. Bank v. FDIC*, 885 F.3d 560, 570 (9th Cir. 2018) (explaining that "[i]nadequately briefed and perfunctory arguments" and arguments not supported by citations to the record or legal authorities are deemed forfeited).