**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIC BAHRA,

        Plaintiff-Appellee,

  v.

COUNTY OF SAN BERNARDINO,

        Defendant-Appellant,

 and

SAN BERNARDINO COUNTY
DEPARTMENT OF CHILDREN AND
FAMILY SERVICES; et al.,

        Defendants.

No.   22-55931

D.C. No.
5:16-cv-01756-JGB-SP

MEMORANDUM[*]

ERIC BAHRA,

        Plaintiff-Appellant,

  v.

COUNTY OF SAN BERNARDINO,

        Defendant-Appellee,

 and

No.   22-55976

D.C. No.
5:16-cv-01756-JGB-SP

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

SAN BERNARDINO COUNTY
DEPARTMENT OF CHILDREN AND
FAMILY SERVICES; et al.,

Defendants.

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted November 13, 2023
Pasadena, California

Before: RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

After a remand from this Court, a jury found that San Bernardino County fired Eric Bahra, a child-dependency social worker, in violation of California Labor Code § 1102.5, the state whistleblower statute.[1] The jury awarded Bahra $503,093 in compensatory damages and $2,000,000 in noneconomic damages. The County argues on appeal that the noneconomic damages award is "grossly excessive" and that the district court erred in not setting it aside. We review the district court's denial of a new trial motion for abuse of discretion. *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[1] We previously affirmed the dismissal of Bahra's 42 U.S.C. § 1983 claim but remanded for trial on the whistleblower claim. *Bahra v. Cnty. of San Bernardino*, 945 F.3d 1231, 1236–37 (9th Cir. 2019).

2

1.    Under California law, damages for emotional distress can be premised on "grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea." *Young v. Bank of Am.*, 141 Cal. App. 3d 108, 114 (1983) (cleaned up).  As a result of the County's retaliation, Bahra developed stomach pains, headaches, and shortness of breath; gained weight; stopped maintaining his hygiene; fell into depression; felt shame and humiliation; and experienced significant financial hardship.  Bahra had not found work as a child-dependency social worker by the time of trial, and he sometimes still felt "upset and agitated and depressed." The record therefore clearly supports an award for emotional distress.

The County concedes that some award was proper, but, citing *Briley v. City of West Covina*, 66 Cal. App. 5th 119 (2021), argues that California law forbids an award of more than $1,000,000 absent substantial physical manifestation of emotional distress.  But *Briley* does not set forth that categorical rule; while discussing the absence of serious physical injury in that case, the court stressed that "each case must be decided on its own facts and circumstances." *Id.* at 141 (cleaned up).  The facts here are different than those in *Briley*.  And although the award is large, the issue is not whether we would have reached the same conclusion as the jury, but rather whether the award is "grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." *Del Monte Dunes*, 95 F.3d at 1435.  Affording "substantial deference to a jury's finding of the

3

appropriate amount of damages," *id.*, we are unable to conclude that the district court abused its discretion in denying a new trial.

2.     We also reject the County's contention that the award was the product of passion or prejudice.  Given the nature of Bahra's retaliation claim, evidence and arguments about child abuse were inevitable.  The County failed to object to the portion of Bahra's closing argument that it now contests, and we cannot conclude that the district court plainly erred in denying a new trial because of that argument.

3.     California Code of Civil Procedure § 1021.5 allows a fee award if (1) an action has conferred a "significant benefit" to the public; (2) "the necessity and financial burden of private enforcement . . . make the award appropriate"; and (3) it is "not in the interest of justice" for fees to be paid out of the successful party's recovery.  The district court properly considered those factors before making its award and we find no abuse of discretion.[2]

**AFFIRMED.**

---

[2]     Because we affirm the award under § 1021.5, we need not address Bahra's argument he was also entitled to fees under California Labor Code § 1102.5.

4