*550 MEMORANDUM ***
Chapter 7 debtor David Thoroughman appeals the district court’s order affirming the bankruptcy court’s summary judgment in favor of Chris and Susan Savittieri, finding nondischargeable Thoroughman’s debt to the Savittieris. The Savittieris cross-appeal the district court’s order affirming the bankruptcy court’s denial of their request for attorneys’ fees. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We affirm.
Thoroughman’s deposition testimony and declaration were materially contradictory regarding the liquidity of the Savittieris’ investment and although Thor-oughman was given the opportunity, he failed to explain the contradiction. His contradictory testimony does not, therefore, create a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (holding non-moving party cannot defeat a properly supported summary judgment motion without offering significant probative evidence tending to show a contrary conclusion, and “discredited testimony is not [normally] considered a sufficient basis for drawing a contrary conclusion”); Block v. City of Los Angeles, 253 F.3d 410, 419 n. 2 (9th Cir.2001) (“A party cannot create a genuine issue of material fact to survive summary judgment by contradicting his earlier version of the facts.”) (citing Radobenko v. Automated Equip. Corp., 520 F.2d 540, 544 (9th Cir.1975)).
Thoroughman’s testimony as to what he did or did not tell the Savittieris about how their money would be utilized also does not create a genuine issue of material fact because it is not inconsistent with Mr. Savittieri’s testimony that Thoroughman told him that the money would be deposited into an account solely as reserves for regulatory authorities and that there would be no risk to the money. See Anderson, 477 U.S. at 256-57, 106 S.Ct. 2505.
Summary judgment was proper on the issue of nondischargeability under 11 U.S.C. § 523(a)(2)(A) because the only reasonable inference that could be drawn from the evidence is that Thoroughman misrepresented to the Savittieris the liquidity of their money and how their money would be used; that Thoroughman knew, at the time he made the representations, that they were false; that Thorough-man made the representations with the intent to deceive the Savittieris; and that, in investing their money with Thorough-man, the Savittieris justifiably relied on Thoroughman’s representations. See 11 U.S.C. § 523(a)(2)(A); Turtle Rock Meadows Homeowners Ass’n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir. 2000) (listing elements for nondischarge-ability under § 523(a)(2)(A)).
Summary judgment also was proper on the issue of nondischargeability under 11 U.S.C. § 523(a)(4) for embezzlement because the only reasonable inference from the evidence was that Thor-oughman appropriated the Savittieris’ money for a use other than the use for which it was entrusted to him under circumstances indicating fraud. See 11 U.S.C. § 523(a)(4); Transamerica Commercial Fin. Corp. v. Littleton (In re Littleton), 942 F.2d 551, 555 (9th Cir.1991) (listing elements for nondischarge-ability for embezzlement).
*551 The bankruptcy court did not abuse its discretion in denying the Savit-tieris’ request for attorneys’ fees. In resolving the substantive issue in this case— the nondischargeability of Thoroughman’s debt to the Savittieris under bankruptcy law — the bankruptcy court addressed only federal bankruptcy law, and did not address any state law. Thus, the bankruptcy court correctly determined the Savittieris are not entitled to recover attorneys’ fees. See Ford v. Baroff (In re Baroff), 105 F.3d 439, 441-42 (9th Cir.1997).
Moreover, the Savittieris are not entitled to attorneys’ fees under Federal Rule of Civil Procedure 56(g) because, although the bankruptcy court determined Thoroughman’s statements were contradictory and thus not sufficient to defeat summary judgment, the bankruptcy court found that the statements were not made in bad faith. It was not inconsistent, let alone an abuse of discretion, for the bankruptcy court to make this determination.
We have considered and reject all other arguments raised by the parties.
The pending motions/requests for oral argument are denied as moot.
AFFIRMED.

 this diSpOSition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.