

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MICHAEL PAUL NEWMAN,<br><br>Debtor. | BAP No. CC-21-1228-GTL<br>BAP No. CC-21-1250-GTL<br>(Cross-Appeals) |
| MICHAEL PAUL NEWMAN,<br>Appellant/Cross-Appellee,<br><br>v.<br>CHLOE LEE, Trustee of the Sang Hoon<br>Lee Living Trust,<br>Appellee/Cross-Appellant. | Bk. No. 6:21-bk-11329-SC<br><br>Adv. No. 6:21-ap-01071-SC<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Scott C. Clarkson, Bankruptcy Judge, Presiding

Before: GAN, TAYLOR, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Appellant and chapter 7[1] debtor Michael Paul Newman seeks

reversal of the bankruptcy court's grant of partial summary judgment

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the

excepting from discharge a state court judgment for conversion ("Conversion Judgment"). The bankruptcy court granted summary judgment on creditor Sang Hoon Lee's[2] claims for defalcation under § 523(a)(4) and for willful and malicious injury under § 523(a)(6) but denied summary judgment on Lee's claim for embezzlement under § 523(a)(4). In the related cross-appeal, Lee seeks reversal of the bankruptcy court's denial of summary judgment on the embezzlement claim.

Applying the doctrine of issue preclusion, the bankruptcy court concluded that the issues involved in the nondischargeability claims were determined by the Conversion Judgment. Although conversion is a strict-liability tort under California law, the bankruptcy court relied on the state court's additional finding that Newman acted "intentionally and wrongfully in acquiring and retaining Lee's money" to satisfy the culpability requirements of nondischargeability.

But, because a conversion claim under California law does not require a culpable state of mind, any finding of culpability was entirely unnecessary to the Conversion Judgment and, thus, not entitled to

---

Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] After filing the adversary complaint and motion for summary judgment, Mr. Lee died in August 2021. The bankruptcy court entered an order substituting as plaintiff Chloe Lee, trustee of the Sang Hoon Lee Living Trust and Mr. Lee's daughter. We refer to them collectively as "Lee."

preclusive effect. Without undisputed facts sufficient to establish Newman's culpable state of mind, summary judgment was inappropriate.

The bankruptcy court erred by applying issue preclusion to establish defalcation and willful and malicious injury, but it correctly denied summary judgment on Lee's embezzlement claim because the Conversion Judgment did not establish "circumstances indicating fraud." Accordingly, we VACATE and REMAND the grant of partial summary judgment and AFFIRM the court's denial of summary judgment on the embezzlement claim.

## FACTS[3]

### A.    Prepetition Events

In December 2014, Sang Hoon Lee suffered serious injuries from a job-related transportation accident while driving as an independent contractor for Arms Trans dba Arms Logistics and Caravan ("Arms"). The other driver, who was also on the job when the accident occurred, was at fault.

Lee was unable to work because of his injuries, and he discussed his options with Arms in early 2015. Concerned that Lee might sue for misclassifying him as an independent contractor, Arms offered to pay Lee

---

[3] Lee filed a request for judicial notice consisting of pleadings and a transcript from a Washington state court proceeding which was given preclusive effect in an unrelated bankruptcy case. Pursuant to Fed. R. Evid. 201(a), we may take judicial notice only of adjudicative facts. Because the documents presented by Lee do not contain adjudicative facts relevant to this appeal, we deny the request.

a salary, provide translation and transportation services, and provide the legal services of Newman, a newly admitted attorney recently hired as in-house counsel for Arms.

Through 2015, Newman unsuccessfully tried to negotiate a settlement of Lee's claim. In 2016, Newman had Lee, who was a native Korean speaker and did not fluently speak English, sign a retainer agreement, without explanation and without providing a translator. In the agreement, Newman left his fee blank because he wanted Arms to determine his fee.

According to Newman, he later reached an agreement with Arms to be paid 15% of any settlement. Newman then coordinated with Arms to have Lee sign an amended retainer agreement reflecting a 15% contingency fee. Newman never spoke to Lee about the fee and never confirmed that Lee agreed to it.

In March 2016, Newman settled the case for $1,000,000. While the settlement was being approved, Arms negotiated a separate deal with Lee under which Lee would waive claims against Arms and pay Arms $130,000 as reimbursement for the services it provided Lee. Arms claimed that it reached an agreement with Newman that he receive a $20,000 flat fee from the expected 15% contingency and Arms would receive the remaining $130,000. When Arms asked Newman if he needed to amend the retainer agreement which stated a fee of 15%, Newman responded, "I wouldn't have taken the 15% anyways, better to [sic] leave to show discount."

After receiving the settlement funds, Newman informed Lee that he would have to pay Newman $150,000 and pay Arms an additional $130,000. Lee told Newman not to disburse the funds and confirmed with Arms that the $150,000 fee was intended to cover both Newman's fee and the agreed reimbursement to Arms.

Newman refused to meet with Lee and Arms to discuss the confusion over the fee and instead immediately resigned as in-house counsel. He then paid himself $150,000 from the settlement proceeds and delivered a final check to Lee in August 2016. After learning that Newman did not pay Arms, Lee paid the $130,000 reimbursement to Arms. Newman refused to answer Lee's questions, refused to refund the $130,000, and instead referred Lee to fee arbitration with the state bar.

## B. The State Court Judgment And Appeal

In 2017, Lee sued Newman in state court for conversion, fraud, and legal malpractice. He alleged that he did not agree to pay Newman a 15% contingency fee, and he sought to avoid the retainer agreement. After a bench trial, the state court granted Newman's motion for nonsuit on Lee's malpractice claim because it was barred by the statute of limitations.

The state court then found that Lee failed to prove his fraud claim, but because Lee proved that Newman agreed to accept a flat fee of $20,000, the state court held that Newman converted $130,000 of Lee's settlement funds. In this context, the court determined that Newman "acted intentionally and wrongfully in acquiring and retaining Lee's money," and

5

it entered judgment in favor of Lee in the amount of $130,000 plus pre-judgment interest.

Newman appealed the Conversion Judgment, and Lee cross-appealed the denial of the fraud claim. The California Court of Appeal affirmed the trial court on both appeals.

**C.     The Motion For Summary Judgment And The Court's Ruling**

After the Conversion Judgment was affirmed on appeal, Newman filed his chapter 7 petition. Lee filed an adversary complaint, seeking to except the Conversion Judgment from discharge under § 523(a)(4) for defalcation while acting in a fiduciary capacity, embezzlement, and larceny, and under § 523(a)(6) for willful and malicious injury.

Lee then filed a motion for summary judgment and argued that the elements of his nondischargeability claims were established by the Conversion Judgment.[4] Lee attached the Conversion Judgment and the appellate decision to the motion but did not offer any other facts or evidence in support of the motion.

Newman opposed the motion and argued that because conversion is a strict-liability tort under California law, the Conversion Judgment did not establish the requisite "culpable state of mind" on the § 523(a)(4) defalcation claim, or a "willful and malicious" injury under § 523(a)(6). He

---

[4] Lee sought summary judgment on his claims for defalcation and embezzlement under § 523(a)(4) and for willful and malicious injury under § 523(a)(6) but not on his claim for larceny under § 523(a)(4). After the court entered partial summary judgment,

6

also maintained that the Conversion Judgment did not establish embezzlement, which requires "circumstances indicating fraud," and argued that because the state court denied Lee's fraud claim, Lee should be precluded from relitigating the issue of whether Newman subjectively intended to injure Lee.

The bankruptcy court granted summary judgment on the § 523(a)(4) defalcation claim and the § 523(a)(6) claim but denied summary judgment on the § 523(a)(4) embezzlement claim. It held that the state court's finding that Newman acted "intentionally and wrongfully" was sufficient to establish defalcation, which requires "intentional improper conduct" or conduct in which a fiduciary is "willfully blind to or consciously disregard[s] a substantial and unjustifiable risk." The bankruptcy court also relied on the state court's finding that Newman acted intentionally and wrongfully to establish willfulness and malice.

In denying summary judgment on the embezzlement claim, the bankruptcy court reasoned that the state court's denial of the fraud claim was not preclusive of the existence of "circumstances indicating fraud." The bankruptcy court held that Lee did not present any evidence to prove that the issue was actually litigated or necessarily decided by the state court.

---

the parties stipulated to dismiss, with prejudice, the remaining claim for larceny.

7

The bankruptcy court entered a written order granting partial summary judgment. Newman timely appealed, and Lee timely cross-appealed the court's denial of summary judgment for embezzlement.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction over Newman's appeal under 28 U.S.C. § 158. We granted Lee's motion for leave to appeal an interlocutory order and therefore have jurisdiction over Lee's cross-appeal under 28 U.S.C. § 158(a)(3).

## ISSUES

Did the bankruptcy court err by applying issue preclusion to grant summary judgment for defalcation under § 523(a)(4)?

Did the bankruptcy court err by applying issue preclusion to grant summary judgment for willful and malicious injury under § 523(a)(6)?

Did the bankruptcy court err by denying summary judgment on Lee's claim for embezzlement under § 523(a)(4)?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's grant or denial of summary judgment. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). We also review de novo the bankruptcy court's determination that issue preclusion is available. *Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 103 (9th Cir. BAP 2007). Under de novo review, "we consider a matter anew, as if no decision had

8

been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. 2014).

## DISCUSSION

**A.    Legal Standards For Summary Judgment And Issue Preclusion**

Civil Rule 56(a), made applicable by Rule 7056, provides that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). We must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Fresno Motors*, 771 F.3d at 1125.

Lee's motion for summary judgment is based solely on issue preclusion; there are no disputed facts. Consequently, summary judgment is appropriate here only if issue preclusion is available and the elements of Lee's nondischargeability claims are established as a matter of law by the Conversion Judgment.

The doctrine of issue preclusion applies to actions to except debts from discharge under § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). In applying issue preclusion, the bankruptcy court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The party

9

asserting issue preclusion bears the burden of establishing the threshold elements, *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001), and must prove the criteria for its application by providing a sufficient record to reveal the controlling facts and issues litigated in the first suit. *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd,* 100 F.3d 110 (9th Cir. 1996).

To determine the issue preclusive effect of the California judgment, we apply California's issue preclusion law, which requires:

> (1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding is final and on the merits; and (5) the party against whom preclusion is sought was the same as, or in privity with, the party to the former proceeding.

*Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456, 462 (9th Cir. BAP 2015) (citing *Lucido v. Super. Ct.*, 51 Cal. 3d 335, 341 (1990)). The court must additionally assess "whether imposition of issue preclusion in the particular setting would be fair and consistent with sound public policy." *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 824-25 (9th Cir. BAP 2006), *aff'd*, 506 F.3d 956 (9th Cir. 2007) (citing *Lucido*, 51 Cal. 3d at 341-43).

**B.    The Bankruptcy Court Erred By Applying Issue Preclusion To Grant Summary Judgment.**

Newman argues that conversion is a strict-liability tort and, therefore, the culpable mental state required for nondischargeability was neither

actually litigated nor necessary to the judgment. He suggests that the state court's finding that he acted intentionally and wrongfully pertains only to Newman's volitional act and is insufficient to establish either defalcation or willfulness and malice.

To determine whether issue preclusion is available in this nondischargeability action, we must compare the elements required to establish liability in the Conversion Judgment with the elements required for nondischargeability under § 523(a)(4) and (6).

The elements of conversion under California law are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *L.A. Fed. Credit Union v. Madatyan*, 209 Cal. App. 4th 1383, 1387 (2012). "The **act** must be knowingly or intentionally done, but a **wrongful intent** is not necessary." *Taylor v. Forte Hotels Int'l*, 235 Cal. App. 3d 1119, 1124 (1991).

### 1. Issue Preclusion Is Not Available For Defalcation.

A debt is nondischargeable under § 523(a)(4) if: (1) there is an express trust; (2) the debt is created by fraud or defalcation; and (3) the debtor acted as a fiduciary to the creditor when the debt was created. *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1459 (9th Cir. 1997), *abrogated on other grounds by Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 274 (2013). Whether Newman was a fiduciary for purposes of § 523(a)(4) and whether his actions

11

constituted defalcation are governed by federal law. *Mele v. Mele (In re Mele)*, 501 B.R. 357, 363 (9th Cir. BAP 2013).

The attorney-client relationship between the parties is sufficient to establish the first and third elements of the claim because the state court found that Newman converted Lee's funds from a client trust account. *See Banks v. Gill Distrib. Ctrs., Inc.*, 263 F.3d 862 (9th Cir. 2001) (holding that an express trust and fiduciary relationship are satisfied when an attorney deposits a client's funds into his trust account).

But defalcation requires a "culpable state of mind." *Bullock*, 569 U.S. at 269. To establish defalcation, a movant must show: (1) bad faith, moral turpitude, or other immoral conduct; or (2) an intentional wrong. *Id.* at 273-74. A fiduciary's conduct is intentional if he knows the conduct is improper or he "consciously disregards (or is willfully blind to) a substantial and unjustifiable risk." *Id*. at 274 (cleaned up).

The record in this case does not show that Newman's culpable mental state was actually litigated or necessary to the Conversion Judgment. "An issue is actually litigated when it is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *Wabakken v. Cal. Dep't of Corr. & Rehab.*, 801 F.3d 1143, 1148 (9th Cir. 2015) (cleaned up). The "necessarily decided" element requires that the issue is not "'entirely unnecessary' to the judgment in the initial proceeding." *Samara v. Matar*, 5 Cal.5th 322, 327 (2018) (quoting *Lucido*, 51 Cal. 3d at 342).

12

Lee has the burden of proving the elements of issue preclusion, but without a sufficient record, we cannot determine whether Newman's culpability was properly raised in the pleadings or submitted for determination. *See In re Harmon*, 250 F.3d at 1245; *In re Kelly*, 182 B.R. at 258. Although the state court determined that Newman acted "intentionally and wrongfully," we cannot say with sufficient certainty whether Newman's culpability was determined by the court. The state court's finding may refer merely to the fact that Newman intended the act of retaining the funds, which was a wrongful dominion, and may have no relevance to whether Newman knew the conduct was wrong or whether he consciously disregarded a substantial and unjustifiable risk. We must resolve any ambiguity about what the state court decided against application of issue preclusion. *In re Kelly*, 182 B.R. at 259.

Moreover, even if we could conclude that Newman's culpable mental state was actually litigated, it was not necessarily decided. *See In re Harmon*, 250 F.3d at 1248 n.9 ("An issue may actually have been litigated without its determination having been necessary to the court's decision."). Because conversion in California is a strict-liability tort, "[t]he foundation of the action rests neither in the knowledge nor the intent of the defendant. Instead, the tort consists in the breach of an absolute duty; the act of conversion itself is tortious. Therefore, questions of the defendant's good faith, lack of knowledge, and motive are ordinarily immaterial." *L.A. Fed. Credit Union*, 209 Cal. App. 4th at 1387 (citation omitted). The Conversion

13

Judgment is just for conversion. There is no evidence that punitive damages were sought or awarded, and we see no other basis for the state court's finding that Newman acted "intentionally and wrongfully." To the extent that the finding is intended to be a determination of Newman's culpable mental state in converting Lee's property, it is entirely unnecessary to the judgment and not entitled to preclusive effect.

Issue preclusion is not available to establish Newman's culpable state of mind and the bankruptcy court erred by granting summary judgment on the defalcation claim.

### 2. Issue Preclusion Is Not Available To Establish Willful and Malicious Injury.

Section 523(a)(6) excepts from discharge any debt arising from "willful and malicious injury by the debtor to another entity or to the property of another entity." A creditor must prove both willfulness and malice. *Ormsby v. First Am. Title Co of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010).

The "willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Carillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002). This requires an inquiry into the debtor's subjective state of mind. *See id*. at 1145-46. It is not enough to prove that the debtor acted intentionally and caused an injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

14

"A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001) (cleaned up).

A judgment for conversion under California law decides only that a defendant has engaged in wrongful dominion over a plaintiff's property; it does not decide that a defendant caused "willful and malicious" injury. *Peklar v. Ikerd (In re Peklar)*, 260 F.3d 1035, 1039 (9th Cir. 2001). Accordingly, "[a] judgment for conversion under California law . . . does not, without more, establish that a debt arising out of that judgment is non-dischargeable under § 523(a)(6)." *Id.*

To prevail on a § 523(a)(6) claim arising from a California conversion judgment, a creditor must "first establish that a conversion has occurred under California law, and second that the conversion is willful and malicious." *Comcast of L.A., Inc. v. Sandoval (In re Sandoval)*, 341 B.R. 282, 295 (Bankr. C.D. Cal. 2006); *see also Thiara v. Spycher Bros. (In re Thiara)*, 285 B.R. 420, 429 (9th Cir. BAP 2002) ("Even though a conversion occurred, [creditor] still had to prove that Debtor converted the proceeds with 'wrongful intent.'").

As discussed above, the record provided by Lee does not evidence that Newman's mental state was actually litigated or necessarily decided by the Conversion Judgment. And although the bankruptcy court may rely on circumstantial evidence to find willfulness, *In re Su*, 290 F.3d at 1146 n.6,

15

and malice may be inferred from the nature of the wrongful act if it is willful, *In re Thiara*, 285 B.R. at 434, Lee relied exclusively on issue preclusion grounds and did not provide any other evidence in support of the motion. Issue preclusion is not available here to establish the requisite mental state necessary to find willfulness and malice, and the bankruptcy court erred by granting summary judgment on Lee's § 523(a)(6) claim.

## C.     The Bankruptcy Court Correctly Denied Summary Judgment On Lee's Embezzlement Claim.

In the cross-appeal, Lee argues that the bankruptcy court erred by denying summary judgment on the § 523(a)(4) claim for embezzlement. Lee contends that the state court's factual findings are sufficient to establish "circumstances indicating fraud." In response, Newman maintains that because the state court denied Lee's fraud claim, Lee should be precluded from litigating whether "circumstances indicating fraud" existed.

Embezzlement for purposes of § 523(a)(4) is governed by federal law. *First Del. Life Ins. Co. v. Wada (In re Wada)*, 210 B.R. 572, 576 (9th Cir. BAP 1997). Embezzlement is defined as "the fraudulent appropriation of property by a person to whom such property has been [e]ntrusted or into whose hands it has lawfully come." *Id.* (citation omitted). Embezzlement "requires a showing of wrongful intent." *Bullock*, 569 U.S. at 274.

To prevail on a claim for embezzlement, a creditor must prove: (1) the property was rightfully in the possession of a non-owner; (2) the non-owner appropriated the property to a use other than which it was

16

entrusted; and (3) circumstances indicating fraud. *Transamerica Com. Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir. 1991).

The bankruptcy court did not err by denying summary judgment on Lee's embezzlement claim. It properly determined that the existence of circumstances indicating fraud was not an issue actually litigated or necessarily decided in the state court action.

And contrary to Newman's argument, circumstances indicating fraud, as an element of embezzlement, is not coterminous with an intent to defraud, as an element of Lee's state court fraud claim.[5] *See Phillips v. Arnold (In re Phillips)*, BAP No. WW-15-1178-TaKuJu, 2016 WL 7383964, at *5 (9th Cir. BAP Dec. 16, 2016) ("The finding required for a determination of § 523(a)(4) embezzlement is that Debtor's actions indicated fraud. Such a determination is not synonymous with an intent to defraud . . . ").

Essentially, Lee asks us to look at the totality of the state court's factual findings and conclude that Newman's actions involved circumstances indicating fraud. Our role as an appellate tribunal is limited;

---

[5] Furthermore, the state court denied Lee's fraud claim but did not make specific findings as to each element. The elements of fraud under California law are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge that the representation is false; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Lazar v. Sup. Ct.*, 12 Cal. 4th 631, 638 (1996). The Conversion Judgment is preclusive of whether Newman defrauded Lee, but because denial of the fraud claim could be based on insufficient proof of any, or all, elements, we cannot determine if the state court decided whether Newman intended to defraud Lee. *See In re Kelly*, 182 B.R. at 259 ("Any reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the [issue preclusive] effect.").

17

we do not find facts or weigh evidence. Lee cites *Cornell v. U.S. Energy Corp. (In re Cornell)*, BAP No. NV-04-1398-SKP, 2006 WL 6810931 (9th Cir. BAP Feb. 23, 2006), and *Thoroughman v. Savittieri*, 323 F. App'x 548 (9th Cir. 2009), for the proposition that we can infer circumstances indicating fraud from the record without weighing evidence.

These cases involve appellate courts affirming nondischargeability judgments based on inferences from evidence presented to the bankruptcy court. But Lee did not present any evidence in support of summary judgment and instead relied solely on the doctrine of issue preclusion. And the bankruptcy court did not make any factual findings. It merely applied issue preclusion. Thus, our review is limited to whether issue preclusion is available to establish the elements of nondischargeability as a matter of law.

The bankruptcy court correctly determined that the existence of circumstances indicating fraud was neither actually litigated nor necessarily decided by the state court. The court did not err by denying Lee's motion for summary judgment on the § 523(a)(4) embezzlement claim.

## CONCLUSION

Based on the foregoing, we VACATE the bankruptcy court's grant of summary judgment on Lee's § 523(a)(4) defalcation claim and § 523(a)(6) willful and malicious injury claim. We AFFIRM the court's denial of

18

summary judgment on Lee's § 523(a)(4) embezzlement claim, and we

REMAND for further proceedings consistent with this disposition.